# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CYNTHIA MILLER, an individual

      Plaintiff,

v

MERIDIAN SENIOR LIVING LLC,
d/b/a Brentwood at Niles, a Foreign
Limited Liability Company.

      Defendants.

FILE NO.: 21-            CV

HON.:

---

WILLIAM F. PIPER, PLC
William F. Piper (P38636)
Attorney for Plaintiff
1611 W. Centre Street, Ste. 209
Portage, MI 49024
(269) 321-5008
(269) 321-5009 (facsimile)
wpiper@wpiperlaw.com

---

## COMPLAINT

The plaintiff, Cynthia Miller, by and through her attorney William F. Piper, PLC, for her complaint, states as follows:

### JURISDICTIONAL ALLEGATIONS

1. The plaintiff Cynthia Miller is an individual who lives in the City of Niles, County of Berrien, State of Michigan, and she resided there at all times relevant to this complaint

2. The defendant Meridian Senior Living, LLC, d/b/a Brentwood at Niles, is a foreign limited liability company who did business in the County of Berrien, State of Michigan, at all times relevant to this complaint.

3. The defendant was required to abide by the requirements of the Family and Medical Leave Act, (hereafter FMLA) or 29 USC § 2601 et sq., the Emergency Family and Medical Leave Expansion Act, which is also incorporated into the FMLA, and the Emergency Paid Sick Leave Act, which was incorporated into the Minimum Wage section of the Fair Labor Standards Act, 29 USC § 201 et seq., at all times relevant to this complaint. The claims in this lawsuit arise in part under those laws.

4. This matter arises out of the plaintiff's employment by the defendant and its termination of that employment by it on March 1, 2021, in violation of the laws set forth above and state laws.

5. Claims in this lawsuit arise under the court's supplemental jurisdiction to hear and try state law claims arising out of the same transactions and occurrences as the federal law claims.

6. This court has jurisdiction arises under 28 USC § 1331.

7. Ms. Miller worked 1,250 hours for the defendant in the year before her termination.

## COMMON ALLEGATIONS

8. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-7 of this complaint.

9. The defendant hired the plaintiff to work for it in 2011 as its Activities Director.

10. At all times that she worked for the defendant Ms. Miller did a good job.

11. Ms. Miller was diagnosed with COVID-19 in late December 2020.

12. As a result, Ms. Miller took a leave from work under the aforementioned laws.

13. Ms. Miller attempted to return to work on January 15, 2021.

14. Ms. Miller, however, had difficulty breathing, and had chest pain, and she could not work.

15. Ms. Miller's treating doctor took Ms. Miller off work for several more weeks.

16. Ms. Miller was scheduled to return to work on March 1, 2021 on a reduced 4-hour schedule.

17. On March 1, 2021 the defendant terminated her employment by it, telling her falsely that she didn't fit.

18. The reason given by the defendant for terminating Ms. Miller's employment was a pretext for discrimination and retaliation against her because she had taken a leave because of COVID-19.

19. As a result of the defendant's termination of her employment by it, Ms. Miller has suffered and will continue to suffer a loss of income and benefits, emotional distress, a loss of enjoyment of life and other damages.

## **COUNT I-FMLA VIOLATIONS**

20. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-19 of this complaint.

21. The defendant, as explained in detail above, interfered with, restrained and denied Ms. Miller's exercise and attempted exercise of her rights under the FMLA and the Emergency Family Medical Leave Expansion Act, which is incorporated as part of the FMLA, by not allowing her to return to her job at the conclusion of her COVID-19 related leave on March 1, 2021, and by terminating her employment by it on that day, resulting in Ms. Miller's damages and continuing damages.

22. The defendant also discriminated against and retaliated against Ms. Miller

because of her exercise of those rights referenced in this claim by terminating her employment by it.

23. The defendant's violations set forth above were committed in bad faith and without any reasonable grounds for believing that they were lawful.

24. These claims are actionable under the Family and Medical Leave Act, 29 USC §2601 et seq.

**WHEREFORE**, the plaintiff Ms. Miller requests a judgment against the defendant in an amount equal to any wages, salary, employment benefits, interest and any other compensation denied or lost to her by reason of the defendant's violation of the FMLA; an additional amount as liquidated dames equal to the sum of any lost wages, salary, employment benefits and any other compensation and interest; any equitable relief that may be appropriate, including front pay; and all attorney's fees, costs, and any other relief this Court deems fair and just.

## COUNT II – FLSA VIOLATION

25. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-24 of this complaint.

26. The defendant terminated Ms. Miller's employment because of retaliation against her because she had exercised her right to take paid leave under the Emergency Paid Sick Leave Act, which is enforced through the minimum wage provisions of the Fair Labor Standards Act, 29 USC §201 et seq.

27. As a result of the violations set forth above, Ms. Miller has suffered and will continue to suffer the damages set forth above.

28. This claim is actionable under the Fair Labor Standards Act, 29 USC §201 et seq.

**WHEREFORE**, the plaintiff Ms. Miller requests a judgment against the defendant in an amount equal to any wages, salary, employment benefits, interest and any other compensation denied or lost to her by reason of the defendant's violation of the FLSA; an additional amount as liquidated damages equal to the sum of any lost wages, salary, employment benefits and any other compensation and interest; any equitable relief that may be appropriate, including front pay; and all attorney's fees, costs, and any other relief this Court deems fair and just.

## COUNT III – VIOLATION OF COVID-19 EMPLOYMENT RIGHTS

29. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-28 of this complaint.

30. The defendant terminated Ms. Miller's employment by it because she was protected under and complied with the requirements of the Covid-19 Employment Rights Act.

31. As a result of the defendant's violation of the Act, Ms. Miller has suffered and will continue to suffer the damages set forth above.

32. This lawsuit is actionable under this Act, which is found at MCL 417.401 et seq.

**WHEREFORE**, the plaintiff Ms. Miller requests a judgment against the defendants to compensate her for all of her past and future damages, including intangible damages, any equitable relief that may be appropriate, including front pay; and all attorney's fees, costs, and any other relief this Court deems fair and just.

DATED: February 18, 2022                WILLIAM F. PIPER, PLC

By:   /s/ William F. Piper
        William F. Piper (P38636)
        Attorney for Plaintiff